Smith, J.
(dissenting). Because I believe there was probable cause for the arrest of the defendant and that the prosecution established it at the Mapp hearing, I dissent.
In his omnibus motion, defendant moved to suppress physical evidence, specifically a gun, assorted jewelry, a wallet and credit cards, on the grounds that "[t]here was no probable cause for the defendant’s arrest” and that "[tjhere were not even grounds for a reasonable suspicion that the defendant committed, or was about to commit a crime.”
In response to the omnibus motion, the prosecution asserted that defendant had been arrested after he threw away a gun. Specifically, the prosecution stated:
"The People contend that the defendant threw away a gun during a chase thereby abandoning same and ultimately seized in plain view by the police. Subsequent to the lawful arrest the defendant was found to have assorted jewelry, credit cards, and a wallet which were stolen. People therefore consent to a Mapp hearing.”
Two police officers testified at the Mapp hearing. One officer, John Small, testified that when he arrived at the scene after a radio run of a burglary in progress, he was given a description of the alleged perpetrator by another officer already on the scene. That officer had obtained the description from the next-door neighbor of the burglarized apartment. That person had also made a 911 call to the police. Once the description was given, Officer Small and his partner searched the area, came upon a person fitting the description of the perpetrator and chased him by car and on foot until he was apprehended. During the chase, the defendant threw a gun away.
Based upon the information received from the police unit *352 already at the burglary scene, Officer Small and his partner had reason to search the area. Once they came upon a person fitting the description of the perpetrator and that person began to flee in the manner in which he did, the officers had reasonable cause to arrest him. In addition, the officers had reasonable cause to make the arrest when they saw the defendant toss his gun away.
Even if probable cause can be established here only with the Aguilar/Spinelli standard, I cannot agree with the majority that the standard was not met.* The majority agrees that the reliability of the informant, the next-door neighbor, was established. It states, however, that the basis of the informant’s knowledge was not established. Since the 911 call introduced into evidence indicated that a person had entered a premises and the same person who made the call gave the police a description of the person who entered, it was a reasonable inference that the basis of the information was personal observation.
In addition, I cannot agree that the People are precluded from arguing here that the police had reasonable suspicion to pursue the defendant. The issue of reasonable suspicion was first raised in the motion papers. The defendant himself raised the issue at the Appellate Division and argued against it.
I would affirm.
Chief Judge Kaye and Judges Simons, Bellacosa and Ciparick concur with Judge Levine; Judge Smith dissents and votes to affirm in a separate opinion; Judge Titone taking no part.
Order reversed, defendant’s motion to suppress granted and case remitted to Supreme Court, Queens County, for further proceedings in accordance with the opinion herein.

 I agree with the majority opinion to the extent that it states that under certain circumstances, probable cause may be established at a hearing without producing the sending officer or the person from whom the police obtained the information establishing probable cause.